Myrhl Frost v. Commissioner.
Frost v. Commissioner
Docket No. 112333.
United States Tax Court
1943 Tax Ct. Memo LEXIS 378; 1 T.C.M. (CCH) 849; T.C.M. (RIA) 43155; March 31, 1943
*378 1. During the taxable year petitioner received payments of $60,000 on a note of which she was the owner. Of this amount, under the terms of the note, $6,074.05 was applicable to interest which had accrued. In her income tax return petitioner treated the entire payment of $60,000 as payment on principal and computed certain capital gains to her from the payment and returned them as income. Held, this was error. Petitioner should have returned as interest received from this payment, $6,074.05 and should have computed her capital gains from the payments upon the basis of $53,925.95 received as payments on the principal of the note. 2. Petitioner was the owner of certain real estate in the City of Dallas from which she obtained rents. She was also the owner of numerous oil royalties from oil lands in East Texas from which she collected monthly income. She employed a public accountant to keep books showing an accurate statement of all income collected from these sources and all disbursements relating thereto; also to make out her income tax return to the Federal Government showing an accurate statement of income received and deductions to which she claimed to be entitled; also to prepare *379 tax renditions to the State of Texas, to the County of Dallas and to the City of Dallas and to look after any other tax matters of petitioner. Held, that the amounts which petitioner paid this accountant for his services were ordinary and necessary and were reasonable in amount and are deductible as nonbusiness expenses under section 23 (a) (2), Internal Revenue Code as amended by section 121, Revenue Act of 1942. Harry C. Weeks, Esq., 909 Sinclair Bldg., Fort Worth, Tex., for the petitioner. Frank B. Appleman, Esq., for the respondent. BLACK Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency in income tax against petitioner amounting to $1,706.11. The deficiency is due to three adjustments made by the Commissioner in the income tax return filed by petitioner for the taxable year 1940. These adjustments were: Unallowable deductions and additional income: (a) Interest
$6,428.64
(b) Other deductions
603.45
Total
$7,032.09
Nontaxable income and additional deduction: (c) Long-term gain
$2,840.20
The above adjustments are explained in the deficiency notice as follows: (a) Interest paid you by Byrd-
Frost, Inc., not reported as
interest
$6,178.54
Interest paid you by Jack
Frost, not reported
250.00
Total
$6,428.54
*380 (b) Inasmuch as you are not engaged in carrying on a trade, business, or profession, amounts paid for accounting services and office supplies do not constitute ordinary and necessary business expenses and the deductions claimed for such amounts have been disallowed. (c) [This adjustment is explained in the deficiency notice as being necessitated by reason of increasing interest income of petitioner by $6,178.54 received from Byrd-Frost, Inc. Figures are set out showing the adjustment made.] Petitioner by appropriate assignments of error contests the correctness of adjustments (a) and (b) shown above. At the hearing petitioner's counsel stated that petitioner's assignment of error as to the interest item of $250 representing interest paid by Jack Frost was waived and would no longer be pressed. Findings of Fact Petitioner is an individual residing in Dallas, Texas. Her income tax return for the calendar year 1940 was filed with the Collector of Internal Revenue for the second collection district of Texas at Dallas, Texas. In 1936 petitioner was divorced from her husband, Jack Frost. In the division of property which accompanied the divorce action, petitioner was awarded an installment *381 note for the principal sum of $300,000 dated February 20, 1935, and payable to Jack Frost, and signed by Byfro Oil Company, and which note was well and sufficiently secured. This note contained among other things the following provision: This obligation, as to both principal and interest, is payable in monthly installments on the 20th day of each month, beginning May 20, 1936, and continuing on the 20th day of each month thereafter until all principal and accrued interest thereon is fully paid. Each installment payment shall be applied. First, to the discharge of accrued interest, and the balance thereof, if any, shall be applied to the discharge of principal. The first payment on the above named note of $300,000 was made to petitioner May 20, 1936, and the last payment was made to her August 20, 1942, at which time the balance of principal and accrued interest was fully paid. A statement was introduced in evidence as petitioner's exhibit 3, which correctly shows all payments made on this note between May 20, 1936, and August 20, 1942, inclusive. This statement also shows the amount of such payments which were applied to interest and the amounts which were applied to principal. *382 For the taxable year 1940 there was paid to petitioner on this note $60,000. Of this amount $6,074.05 was paid for interest which had accrued and $53,925.95 was paid to apply on principal. Other properties which petitioner received in the partition of the community property between her husband and herself at the time of the divorce were 3 or 4 parcels of real estate, some corporate stock, and about 40 oil royalties applying to east Texas oil lands. In 1940 petitioner collected $10,534.23 from these oil royalties, which she returned for taxation on her income tax return for that year and she took as a deduction 27 1/2 percent of such amounts for depletion. The gross amount received by petitioner from these oil royalties, and the amount of depletion deduction to which she is entitled are not in issue. The amount of gross income from all sources which petitioner returned for taxation in 1940 was $35,975.72, and her net income for that year as shown by her income tax return was $34,893.86. Prior to and during the year 1940 petitioner employed Elmo Joslin, a public accountant of Dallas, Texas, to collect the oil royalties and other income due her, and to keep her books of account so *383 as to properly show all receipts of income from her property and also to show disbursements in connection therewith. She contracted to pay Joslin $25 per month for these services. In 1940, petitioner paid Joslin $300 for these services and also paid him $50 which was due him for services in 1939 which had not yet been paid. Petitioner also employed Joslin in 1940 and prior years to attend to all her tax matters such as preparing and filing her income tax return with the Federal Government; preparing and presenting any claims for refund which she claimed against the Federal Government; preparing her tax renditions to the State of Texas, County and City of Dallas, on property which she owned and which was subject to taxation. For all of his tax services rendered to petitioner Joslin was to receive $250 per annum. In 1940 petitioner paid him $250 for these tax services. In 1940 petitioner expended $3.45 for stationery used in connection with the keeping of her books of account by Joslin. The foregoing expenses of $603.45 expended by petitioner in the year 1940 were ordinary and necessary expenses paid for the production or collection of income or for the management, conservation, or *384 maintenance of property held for the production of income and were reasonable in amount. Opinion BLACK, Judge: There really is no issue between the parties concerning the amount of interest income which should be added to the income reported by petitioner for the year 1940 on her income tax return. The Commissioner in his deficiency notice added $6,428.54 on this account. Of this amount petitioner concedes the correctness of $250.00 interest paid to petitioner by her divorced husband, Jack Frost. Of the other $6,178.54 petitioner concedes $6,074.05. The proof shows that the latter amount is correct rather than the $6,178.54 which the Commissioner has used in his deficiency notice. In her income tax return for 1940 petitioner accounted for the full $60,000, which she received in payments on the $300,000 note, but she did not return any of it as interest. She treated all of it as payment of principal and computed the amount of capital gain on which she figured she was taxable. As already stated, she now concedes that $6,074.05 should be returned as interest and that her capital gain should be computed on the balance of the payments, to-wit $53,925.95. This should be done in a recomputation *385 under Rule 50, and will be close to the adjustment which the Commissioner has made in his deficiency notice. This brings us to a discussion of adjustment (b). The Commissioner was doubtless correct in his determination that petitioner was not engaged in carrying on a business or profession in 1940, and in his disallowance of $603.45, which petitioner had claimed as a deduction on her income tax return as ordinary and necessary business expenses under section 23(a) of the Internal Revenue Code. The Commissioner's deficiency notice is dated June 27, 1942. Section 121 of the Revenue Act of 1942, approved October 21, 1942, amends section 23(a) of the Internal Revenue Code by adding a new paragraph thereto which reads as follows: (2) Non-trade or non-business expenses. - In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation or maintenance of property held for the production of income. This amendment was made retroactive by its terms to cover the year 1940, which we now have under consideration. The Report of the Committee on Finance, United States *386 Senate, which accompanied H.R. 7378, which later, as amended, because the Revenue Act of 1942, in discussing the amendment to section 23(a) which we have set out above, says among other things as follows: Expenses, to be deductible under section 23(a) (2), must be ordinary and necessary, which rule presupposes that they must be reasonable in amount and must bear a reasonable and proximate relation to the production or collection of income, of to the management, conservation, or maintenance of property held for that purpose. We think the expenses which petitioner claims as a deduction, namely $603.45, were reasonable in amount and bore a reasonable and proximate relation to the production or collection of income or to the management, conservation, or maintenance of property held for that purpose. Petitioner was the owner of some real estate from which she obtained rentals; she was the owner of numerous oil royalties from which collections were regularly made. It was only reasonable that she should employ an experienced accountant to keep an accurate record of her collection of income and disbursements from her properties and to make proper return of her income to the Federal Government *387 for taxation and proper returns to the State authorities of Texas for taxation. We think that her expenditures of $603.45 for these purposes, including $3.45 for stationery used in bookkeeping, were reasonable and proper, and that she is entitled to a deduction of these amounts under section 23(a) (2), Internal Revenue Code, as amended by section 121, Revenue Act of 1942. We sustain petitioner in this assignment of error. Decision will be entered under Rule 50.